# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SENTRY INSURANCE A MUTUAL COMPANY, a Wisconsin Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>(2) JOSEPH A. MCCORMICK, Special Administrator of the ESTATE OF CRYSTAL LOPEZ,<br><br>        Defendant,<br>   and<br><br>(3) MICHAEL ALLEN MCELWRATH;<br>(4) DANA STARR LANDING, Administrator of the ESTATE OF GEORGE VERNON LANDING, JR.;<br>(5) DYLAN BURK;<br>(6) ROBERT PREBLE;<br>(7) INVENTIV COMMERCIAL SERVICE, L.L.C.;<br>(8) INVENTIV HEALTH, INC.; and<br>(9) INVENTIV HEALTH CLINICAL SRS, LLC.,<br><br>        Interested Parties/<br>        Defendants. | Case No. 16-CV-172-JHP-TLW |

## OPINION AND ORDER

Before the Court are (1) Defendant Joseph A. McCormick's Motion to Dismiss or to Stay Proceedings (Doc. No. 16) and (2) Interested Party/Defendant Michael Allen McElwrath's Motion to Dismiss (Doc. No. 17). After consideration of the briefs, and for the reasons stated below, the Motions to Dismiss are **GRANTED**.

## BACKGROUND

Plaintiff Sentry Insurance A Mutual Company ("Sentry") filed this declaratory judgment action in this Court against the Special Administrator of the Estate of Crystal Lopez, Joseph A. McCormick ("McCormick"). Sentry lists seven additional parties as "Interested Parties/Defendants," including Michael Allen McElwrath ("McElwrath"). Sentry seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57 regarding the existence of coverage and its duty to pay damages arising out of an automobile accident.

According to the Complaint, on July 31, 2015, Crystal Lopez ("Lopez"), an employee of inVentiv Commercial Services, LLC ("inVentiv"), was driving a car owned by inVentiv. (Doc. No. 2, ¶¶ 12-14). Sentry was the insurance carrier for inVentiv at the time. (*Id.* ¶ 13). Prior to the accident, Lopez had consumed alcoholic drinks and was on a weight loss medication that warned against mixing it with alcohol. (*Id.* ¶ 17). As Lopez drove the wrong way on the Will Rogers Turnpike, she collided head-on with a truck driven by George Landing, Jr. ("Landing"), killing both of them. (*Id.* ¶ 12). Another vehicle occupied by McElwrath, Dylan Burk, and Robert Preble was also involved in the accident, and all three were injured as a result. (*Id.*).

Lopez's use of the vehicle in question was subject to a Fleet Management Policy, which prohibited Lopez from driving the vehicle while her ability or alertness was impaired, including by intoxication from alcohol or drugs. (*Id.* ¶¶ 14-15). Lopez had agreed to be bound by the Fleet Management Policy when inVentiv provided her with the subject vehicle. (*Id.* ¶ 16). By driving while intoxicated, Lopez allegedly violated inVentiv's policy and was not a permissive user of the vehicle. (*Id.* ¶ 21).

2

Following the accident, McElwrath filed a Petition in Tulsa County District Court against the Estate of Crystal Lopez seeking damages for injuries arising out of the accident, *McElwrath v. McCormick, Special Administrator of the Estate of Crystal Lopez; inVentiv Health Clinical SRS, LLC; and inVentiv Commercial Services, LLC.*, Case No. CJ-2015-3328 (the "McElwrath Lawsuit").  (*Id.* ¶ 22).  McElwrath asserts claims of gross negligence and punitive damages against the Estate of Crystal Lopez, and a *respondeat superior* claim against inVentiv.  (*Id.*). The Estate of George Landing, Jr. has also filed a Petition in Tulsa County District Court against the Estate of Crystal Lopez and others seeking damages for Landing's wrongful death, *Landing v. Inventiv Commercial Services, LLC, InVentiv Health, Inc., Aeterna Zentaris, Inc., and the Estate of Crystal Lopez*, Case No. CJ-2015-4675 (the "Landing Lawsuit").  (*Id.* ¶ 24).  The Estate of George Landing, Jr. asserts claims for negligence and punitive damages against the Estate of Crystal Lopez, and alleges inVentiv and inVentiv Health, Inc. knew or should have known that Lopez would likely drive her vehicle while intoxicated but failed to take reasonable action to prevent that risk.  (*Id.*).  Sentry is providing a defense to Lopez and the inVentiv entities in both the McElwrath and Landing Lawsuits, under a reservation of rights.  (*Id.* ¶¶ 23, 25). McElwrath, Burk, and Preble have also filed workers' compensation claims as a result of the accident, and inVentiv's workers' compensation insurer sent a notice of subrogation to Sentry for any payments made to those individuals.  (*Id.* ¶ 26).

In this declaratory judgment action, Sentry contends it has no duty to indemnify for the damages claimed against Crystal Lopez in either of the state court lawsuits, because Lopez violated inVentiv's policy against operating a vehicle while intoxicated, inVentiv had no knowledge that Lopez drove the company car while intoxicated, and Lopez was not acting within the scope of permission or authorization from inVentiv at the time of the accident.  Sentry

3

alleges it did not assume the risk of covering injuries resulting from an inVentiv employee violating company policy. Sentry seeks a judicial declaration "of the rights, duties and obligations of Sentry concerning its duties, if any, to indemnify in relation to the various claims asserted against Lopez." (Doc. No. 2, ¶ 37).

Defendant McCormick has now moved to dismiss Sentry's declaratory judgment action, asking the Court either to decline to exercise jurisdiction or to dismiss for lack of subject matter jurisdiction. (Doc. No. 16). In the alternative, McCormick asks the Court to stay proceedings in this case until pertinent issues in the Tulsa County cases have been resolved. Interested Party/Defendant McElwrath also has moved to dismiss, joining McCormick's arguments and separately arguing Sentry fails to raise a viable claim with respect to McElwrath. (Doc. No. 17). The motions are now fully briefed and ripe for review.

## DISCUSSION

McCormick contends the Court should decline to exercise its jurisdiction over Sentry's declaratory judgment action.[1] McCormick argues this case presents the same material issue of facts that are currently before the Tulsa County District Court in the Landing and McElwrath Lawsuits: Was Crystal Lopez operating the subject inVentiv vehicle with inVentiv's permission and within the course and scope of her employment by inVentiv? McCormick argues Sentry has created a duplicate, parallel proceeding in the form of this later-filed declaratory judgment action, which locks the Court in a "judicial race to judgment." (Doc. No. 16, at 6). Sentry disagrees with McCormick's position and asks the Court to retain jurisdiction over this case.

---

[1] McElwrath's request for dismissal incorporates the arguments made in McCormick's Motion to Dismiss. Accordingly, the Court will refer to the arguments of both defendants as the arguments of McCormick.

**I.       Standard of Review**

The Declaratory Judgment Act "confers upon courts the power, but not the duty, to hear claims for declaratory judgment." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 980 (10th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)); *Pub. Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).  Therefore, whether to entertain a declaratory judgment action is a matter committed to the trial court's sound discretion.  *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1274 (10th Cir. 1989) (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)).  When a parallel case is pending in state court, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942).

When deciding whether to hear a declaratory judgment action, the court should weigh the following factors:  (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.  *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).  The Court will refer to these five factors as the "*Mhoon* factors."

**II.     Analysis**

McCormick argues all five *Mhoon* factors weigh against this Court's exercising its jurisdiction over Sentry's declaratory judgment action. Applying these factors, the Court agrees it should decline to exercise its jurisdiction here.

In this case, Sentry seeks a declaratory judgment of its rights and obligations "to defend and/or indemnify Crystal Lopez in relation to the various claims asserted in the McElwrath Lawsuit, the Landing Lawsuit and . . . any claims brought by . . . Dylan Burk and Robert Preble." (Doc. No. 2, *Prayer*). Accordingly, a declaration from this Court would resolve the issue of insurance coverage and could serve a useful purpose in clarifying the legal relations between Sentry and the Estate of Crystal Lopez (the first and second *Mhoon* factors). Moreover, the timing of Sentry's complaint in this case, less than four months after the Landing and McElwrath Lawsuits were filed, does not strongly suggest questionable intentions or attempted "procedural fencing" (the third *Mhoon* factor).

A declaration of coverage from this Court, however, would come at the cost of increasing friction between our federal and state courts and improperly encroaching upon state court jurisdiction (the fourth *Mhoon* factor). The resolution of whether insurance coverage exists depends on fact-based determinations of state law—namely, whether Lopez was a permissive user of the inVentiv vehicle at the time of the accident, and whether she was acting within the scope of her employment at the time. (Doc. No. 2, ¶¶ 20, 21, 32-37). These issues are already being considered in the Landing and McElwrath Lawsuits, both of which were pending when Sentry filed this federal action. Both the Landing and McElwrath Lawsuits allege that Lopez was acting within the course and scope of her employment by inVentiv at the time of the accident. (*See* Doc. No. 44, at 2 (Second Amended Petition in McElwrath Lawsuit); *id.* at 7

(Petition in Landing Lawsuit), ¶ 12).[2] The Landing Lawsuit further alleges that inVentiv knew or should have known that Lopez was likely to drive the inVentiv vehicle while intoxicated and failed to take reasonable actions to prevent such a risk. (*Id.* at 8-9 (Petition in Landing Lawsuit), ¶ 24). Because all three actions involve the same set of facts and address the same issues, the judgment in this action likely will be outcome determinative for the state court actions (or vice-versa), which could create friction between our state and federal courts. Accordingly, dismissal of this federal action would enable the Oklahoma court to resolve the pending state-law issues more effectively and efficiently.

Moreover, Sentry's action is not the best or most effective available remedy to determine insurance coverage (the fifth *Mhoon* factor). In this regard, on May 27, 2016, the Estate of Crystal Lopez filed a third party petition declaratory judgment action in the Landing Lawsuit against Sentry and another insurer, ACE Insurance Company ("ACE"). (*See* Doc. No. 16-1 (Petition of Third Party Plaintiff Estate of Crystal Lopez, Deceased)). Similar to Sentry's federal action, the third party action seeks a declaratory judgment under state law that Sentry and ACE must defend and indemnify the Lopez Estate under their respective insurance policies. Through the third party action, Sentry may obtain a determination of its obligation to defend and indemnify the Estate of Crystal Lopez, the same question to be decided in this case. The third party action provides an adequate alternative remedy to determine insurance coverage through Oklahoma's own Declaratory Judgment Act, OKLA. STAT. tit. 12, § 1651, and the Oklahoma state court is in the best position to resolve these issues under Oklahoma law. The Oklahoma court is also the arbiter of the state-law liability issues. Accordingly, the issues between the

---

[2] The Petitions in the McElwrath and Landing Lawsuits were attached to Sentry's Complaint as Exhibits 1 and 2, respectively. However, the attachments were not uploaded to the Court's ECF filing system with the Complaint. Accordingly, Sentry uploaded these exhibits to the docket as Doc. No. 44.

parties in this federal declaratory judgment action could be better resolved in the underlying state court actions.

Finally, the Court is not persuaded by Sentry's argument that the issue of liability insurance coverage could not be discussed in the state court proceedings. *See* OKLA. STAT. tit. 12, § 2411 ("Evidence of the existence of liability insurance is not admissible upon the issue of negligence or wrongful action."). The Oklahoma district court has authority to order a separate trial of any issue "in furtherance of convenience or to avoid prejudice," which could include the issue of insurance coverage. OKLA. STAT. tit. 12, § 2018(D). Therefore, Sentry's concern is unfounded.

In sum, the first two *Mhoon* factors favor retention of Sentry's declaratory judgment action, the third *Mhoon* factor is neutral, and the last two *Mhoon* factors strongly favor dismissal of Sentry's action. The Court finds these factors collectively weigh in favor of dismissing Sentry's declaratory judgment action. Accordingly, the Court declines to exercise its jurisdiction and will not allow Sentry's case to proceed.[3]

## CONCLUSION

For the reasons detailed above, Defendant Joseph A. McCormick's Motion to Dismiss (Doc. No. 16) and Defendant McElwrath's Motion to Dismiss (Doc. No. 17) are **GRANTED.** In light of the Court's dismissal of this case, Defendant McCormick's alternative request to stay the proceedings is **MOOT**.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[3] Because the Court dismisses this case based on application of the *Mhoon* factors, the Court will not address McCormick's or McElwrath's remaining arguments in favor of dismissal.